UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KAROTEH K. SUAH, | 4:21-CV-04065-KES |
| Plaintiff, | |
| vs. | 1915A SCREENING ORDER FOR SERVICE |
| CHIEF OF POLICE SFPD MATT BURNS, in his official capacity; UNKNOWN SFPD DETECTIVE, in his/her individual and official capacity; UNKNOWN SFPD OFFICER, in his/her individual and official capacity; and UNKNOWN SFPD OFFICER, in his/her individual and official capacity; | |
| Defendants. | |

Plaintiff, Karoteh K. Suah, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. This court granted Suah leave to proceed in forma pauperis but ordered him to pay an initial partial filing fee. Docket 7. Suah timely paid his fee on May 27, 2021. This court will now screen Suah's complaint under 28 U.S.C. § 1915A.

I.   **Factual Background**

The facts alleged in Suah's complaint are: that on March 2, 2021, two Unknown Sioux Falls Police Officers (Unknown Officers) arrived at Suah's storage unit. Docket 1 at 14. The Unknown Officers responded to a call about a suspicious substance that was allegedly found in Suah's storage unit. *Id.* Suah

is a black male, and a white male, Bill Thompson, admitted that he made the discovery when he unlawfully entered Suah's storage unit. *Id.*

Suah claims that the Unknown Officers chose to "selectively ignore" Thompson's crime of "burglary" and turned the investigation over to an Unknown Sioux Falls Detective (Unknown Detective). *Id.* The Unknown Detective allegedly reviewed the evidence and chose to ignore the crimes committed by Thompson, and selectively enforced the law on Suah. *Id.* Suah was charged with possession of marijuana. *Id.* Thompson was not charged with a crime. *See id.* Suah asserts that "[t]he acts of selective enforcement . . . held [a] discriminatory effect [and] purpose by allowing Mr[.] Thompson to violate the rights of Mr[.] Suah . . . without criminal prosecution . . . ." *Id.* at 15. Suah claims this choice was made because he is a black male and Thomspon is a white male. *Id.*

Suah sues Matt Burns, Chief of Police for the Sioux Falls Police Department, in his official capacity and claims he failed to properly train the officers and the policies that were used to train the officers are unconstitutional. *Id.* at 15-16. He asserts that his claim regarding Matt Burns's failure to train can be "supported by multiple occurrences of constitutional negligence by officer[s] on multiple levels with the City of Sioux Falls Police Department." *Id.* at 16. Suah seeks $1.5 million in monetary damages. *Id.* at 17.

## II. Legal Standard

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true . . . ." *Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they

"[are] (1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

### III. Legal Analysis

#### A. Official Capacity Claims

Suah sues Matt Burns, Chief of Police for the Sioux Falls Police Department, only in his official capacity. Docket 1 at 2. He sues two Unknown Officers and an Unknown Detective in their individual and official capacities. *Id.* at 2-3. Claims against defendants in their official capacities are the equivalent of a lawsuit against the City of Sioux Falls. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). A municipal government may only be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). Suah claims that Burns failed to properly train his officers and the policies that were used to train the officers are unconstitutional. *Id.* at 15-16. His allegation is "supported by multiple occurrences of constitutional negligence by officer[s] on multiple levels with the City of Sioux Falls Police Department." *Id.* at 16.

A governmental entity is liable "only when the entity itself is a 'moving force' behind the violation. That is, the entity's official 'policy or custom' must have 'caused' the constitutional violation . . . ." *Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987) (quoting *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-34

(1985)). "At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." *Doe v. Sch. Dist. of Norfolk,* 340 F.3d 605, 614 (8th Cir. 2003). "[T]here must have been a pattern of 'persistent and widespread' unconstitutional practices which became so 'permanent and well settled' as to have the effect and force of law." *Jane Doe A By and Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.,* 901 F.2d 642, 646 (8th Cir. 1990) (quoting *Monell,* 436 U.S. at 691).

Liberally construing the facts in favor of Suah, he has alleged a claim that the City of Sioux Falls has an unconstitutional policy or custom of selective enforcement of the law, and that this policy or custom was the driving force behind his alleged injury. Thus, Suah's unconstitutional policy or custom claim against defendants in their official capacities survives § 1915A screening.

## B. Individual Capacity Claims

Suah sues the Unknown Officers and the Unknown Detective in their individual capacities. Docket 1 at 2-3. He claims they selectively enforced the law based on Suah's race. *Id.* at 14-15. "[T]he Constitution prohibits selective enforcement of the law based on considerations such as race [or a suspect classification]." *Whren v. United States,* 517 U.S. 806, 813 (1996) (noting that a selective enforcement of the law claim arises under the Equal Protection Clause of the Fourteenth Amendment). A plaintiff must show that the officer exercised discretion to enforce the law on account of a suspect classification "which requires proof of both discriminatory effect and discriminatory purpose." *Johnson v. Crooks,* 326 F.3d 995, 1000 (8th Cir. 2003). "When the claim is

selective enforcement of the [] laws or a racially-motivated arrest, the plaintiff must normally prove that similarly situated individuals were not stopped or arrested in order to show the requisite discriminatory effect and purpose." *Id.*

Here, Suah has alleged sufficient facts to show that the Unknown Officers and the Unknown Detective arrested and prosecuted Suah, a black male, and did not arrest a similarly situated white male for the white male's alleged "burglary" of Suah's storage unit. Docket 1 at 14-15. Suah has alleged facts to show that an individual similarly situated to him was not arrested, and that this amounted to a discriminatory effect and purpose. Suah's Equal Protection claim against the Unknown Detective and Unknown Officers survives § 1915A screening.

Thus, it is ORDERED:

1. That Suah's unconstitutional policy or custom claim against defendants in their official capacities survives 28 U.S.C. § 1915A review.

2. That Suah's Equal Protection selective enforcement of the law claim against the Unknown Officers and the Unknown Detective survives 28 U.S.C. § 1915A review.

3. That the Clerk shall send blank summons forms and Marshal Service Form (Form USM-285) to Suah so that he may cause the complaint to be served upon defendants.

4. That Suah shall complete and send the Clerk of Courts a separate summons and USM-285 form for each defendant. Upon receipt of the

completed summons and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed.

5. The United States Marshal Service shall serve the completed summonses, together with a copy of the complaint (Docket 1) and this order, upon the defendants.

6. Defendants will serve and file an answer or responsive pleading to the amended complaints and supplement on or before 21 days following the date of service or 60 days if the defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

7. Suah will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated July 6, 2021.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE