UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KAROTEH K. SUAH,<br><br>    Plaintiff,<br><br>vs.<br><br>CHIEF OF POLICE SFPD MATT BURNS, in his official capacity; UNKNOWN SFPD DETECTIVE, in his individual and official capacity; OFFICER S. SEINER, in his individual and official capasity; and UNKNOWN SFPD OFFICER, in his individual and official capacity;<br><br>    Defendants. | 4:21-CV-04065-KES<br><br><br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>Docket No. 39 |

## INTRODUCTION

This matter is before the court on the *pro se* complaint of Karoteh K. Suah pursuant to 42 U.S.C. § 1983. See Docket No. 1. After defendants filed a motion for summary judgment against Mr. Suah, Mr. Suah filed a motion to compel discovery. Docket No. 39. That discovery motion has been referred to this magistrate judge for decision pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 57.11.

## FACTS

This is Mr. Suah's second lawsuit based on the same facts, the previous lawsuit having been dismissed for failure to state a claim. Suah v. City of

Sioux Falls, 4:21-CV-04032-KES (D.S.D. Mar. 30, 2021).  In his present lawsuit, Mr. Suah alleges defendants violated his Equal Protection rights under the Fourteenth Amendment when a white man, Billy Thomas, allegedly burglarized his storage unit on March 2, 2021.  Docket No. 1 at pp. 14-15.  The alleged burglar was not charged criminally, but Mr. Suah, a black man, was charged with possession of marijuana found in the storage unit.  Docket No. 1 at pp. 14-15.  Mr. Suah characterizes his claim as one of selective prosecution.  Id.

The most recent scheduling order issued by the district court in this case required that all discovery should be completed by April 5, 2022.  Docket No. 27 at p. 1, ¶ 2.  The deadline for filing dispositive motions was set for May 20, 2022.  Id. at p. 2, ¶ 5.  The court informed the parties that the deadlines in the schedule could be modified by the court upon a showing of good cause.  Id. at p. 2, ¶ 7.  Mr. Suah never moved to modify the court's last scheduling deadlines.

On May 19, 2022, defendants filed a motion for summary judgment arguing that they were entitled to judgment as a matter of law.  Docket No. 30.  In that motion, defendants argue the individual defendants are entitled to qualified immunity and that the claims against the defendants in their official capacities should be dismissed because Mr. Suah has not shown a policy or custom caused the alleged constitutional violations.  Docket No. 31 at p. 2.

One month later, Mr. Suah filed the instant motion to compel.  Docket No. 39.  Mr. Suah asserted in his motion that he served defendants with a

subpoena to produce, among other things, a transcript of the conversation between defendant Officer S. Seiner and Billy Thomas, the individual Mr. Suah alleges burglarized his storage unit.  Id.  Mr. Suah alleges it is clear such a document exists because defendants cite to that conversation in their statement of material facts in support of summary judgment.  Id.  He asks the court to compel defendants to produce that transcript.  Id.

Mr. Suah's motion does not contain a copy of the subpoena he allegedly served on defendants.  Id.  He does not inform the court what date he served defendants with his subpoena or the date on which he received defendants' response to the subpoena.  Id.  Neither does he recite any facts from which the court can infer he contacted defendants and attempted in good faith to work out a compromise on this issue before filing the motion to compel.  Id.; Fed. R. Civ. P. 37(a)(1).  The motion itself is nearly three months after the deadline set by the court for completing discovery.

## DISCUSSION

Mr. Suah's motion must be denied for several reasons, both procedural and substantive.  Procedurally, the motion is untimely, having been filed over two months after the discovery deadline expired.  Mr. Suah did not move the court for extension of that deadline and his motion does not show good cause for doing so.

Another procedural reason Mr. Suah's motion must be denied is that he has not satisfied the precondition of contacting defendants first and attempting in good faith to resolve the discovery dispute before resorting to filing a motion

3

to compel.  This is a prerequisite required of all discovery motions under both the Federal Rules of Civil Procedure (which the district court provided copies of to Mr. Suah) as well as this district's local rules.  See Fed. R. Civ. P. 37(a)(1), DSD L.R. 37.1.  Mr. Suah's motion fails substantively as well.

Defendants acknowledge having received Mr. Suah's subpoena and provided documents pursuant thereto.  Docket No. 41.  Defendants' response to the subpoena included all documents that were in their custody, possession or control including the affidavit in support of the search warrant, the search warrant, the return of the search warrant and inventory, police reports, photographs, Ring Doorbell videos that were provided to the Sioux Falls Police Department, and pre- and post-search warrant videos of Apartment #301 and Storage Unit S7.  Id. at pp. 1-2.

Defendants did not provide the audio or video recordings that may have once existed documenting the conversations between Officer Seiner and Billy Thomas because those video and audio recordings would have been purged from the Sioux Falls Police Department's system through its normal retention policies.  Id. at p. 2.  The audio and video recordings no longer exist according to defendants.  Id.

Defendants cannot be compelled to produce evidence which does not exist.  Peet v. Smith, Case No. 17-cv-1870 (ECT/TNL), 2020 WL 700102 at *2 (D. Minn. Jan. 21. 2020).  Nor is there circumstantial evidence suggesting the audio and video recordings still exist.  Defendants filed an affidavit from Officer Scott Seiner in support of their motion for summary judgment.  See Docket No.

4

33. In that affidavit, Officer Seiner describes in summary fashion his conversation with Billy Thomas.  Id.  That affidavit is accompanied by a written report Officer Seiner wrote in connection with the incident contemporaneous with the incident.  See Docket No. 33-1.  Neither Officer Seiner's affidavit nor his written report (which defendants represent was disclosed to Mr. Suah), appear to rely on any audio or video recordings.  See Docket Nos. 33 & 33-1.  Accordingly, Mr. Suah's motion to compel is without merit.

## CONCLUSION

Based on the foregoing facts, law and analysis, it is hereby

ORDERED that plaintiff Karoteh Suah's motion to compel [Docket No. 39] is denied.

DATED this 29th day of August, 2022.

BY THE COURT:

*Veronica L. Duffy*

VERONICA L. DUFFY

United States Magistrate Judge